LUNA PARK AMUSEMENT CO v LEAVITT

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10081. Decided October 7, 1929

Messrs. Boyd, Cannon, Brooks & Wickham, Cleveland, for Luna Park Amusement Co.

Mr. Martin E. Blum, Esq., Cleveland, for Leavitt.

mony that there was no conversation as to the cost plus service charge, and that he merely stated that he would furnish the required service for $250 per week. He admits that he did some figuring; that after the first conference he left, came back and informed Ferris that he could handle the same at $250 per week.

It appears quite clear from the record that the Manager of Luna Park was anxious to provide some new entertainment for the patrons of the Park and that he authorized Ferris, advertising man and agent for The Luna Park Amusement Company, to get figures; that he did proceed to get figures which ran much higher than $250 per week. It may be reasonably asserted that, in the conversation between Leavitt and Ferris, Leavitt made some such statement as to what the same would cost him, and that it would be in the neighborhood of $207 per week, although he denies it most strenuously.

The record, in our opinion, does not support by the preponderance of the evidence the allegations in the statement of defense and counterclaim, to the effect that it was contemplated by the parties that Leavitt was to charge the actual cost plus $40 per week as a service charge. The written contract is an agreement setting forth an unconditional price of $250 per week for certain films, accessories and so forth to be furnished by Leavitt. Had it been the intention of the parties to enter into an agreement upon a basis of cost plus $40 as a service charge, the written contract undoubtedly would have so specified.

Assuming, for the sake of argument, that Leavitt did make the statement as to what the actual cost to him would be, it would not, in our opinion, be the kind of representation upon which a defense or counterclaim could be predicated. As a general rule statements as to value of property, though false, are not grounds for affirmative relief or good as matters of defense. Southern Development Co. vs. Silber, 125 U. S. page 247.

Assuming that this statement charged to Leavitt was actually made by him, and it turned out that instead of costing him $207 per week that the cost was much larger. In view of the written contract signed by him, he could not escape its obligations just because he was mistaken as to the actual cost to him of the films, accessories, and so forth, to be furnished by him.

Leavit is referred to by counsel for The Luna Park Amusement Company as a sort of an expert fully conversant with prices. The record does not support the statement. It appears that, in the main, he was a moving picture operator; that when it came to stating prices he had to make inquiry, not being able to give the information himself. The means of information upon which a fair judgment could be predicated as to the cost of films, accessories, and so forth, was equally open to both parties. There was no fraud used by Leavitt to prevent The Luna Park Amusement Company from making an examination and forming a judgment for itself. In view of this, whatever representations

LEVINE, J.

Evidence was offered by the defendant to support its affirmative defense and counterclaim. Leavitt claimed in his testi-

**678**

he made, must be regarded as a mere expression of opinion, and does not constitute fraud in legal contemplation. See II Addison on Torts, page 422, Section 1186.

At any rate, it is our opinion that the trial court having heard all the evidence, with a full opportunity to observe the witnesses in person while they testified, was not bound to accept the version of The Luna Park Amusement Company, but could, in its discretion, lend credence to the testimony of Leavitt, which apparently it did.

Upon the above considerations, we hold that at most there is involved in this matter the question of the weight of the evidence and we do not feel justified in disturbing the judgment of the Municipal Court upon that ground.

The judgment of the Municipal Court is hereby affirmed.

Sullivan, J. concurs. Vickery, P. J., dissents.